JS 44   (Rev. 06/17)     *AB*                    **CIVIL COVER SHEET**     *19-CV-1467*

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Jon Frey
3049 Almond St
Phila PA 19134

**DEFENDANTS**
Ethos Data Management
4612 N Flager Drive - suite 206
Phila - p' West Palm Bech, FL 33407

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Palm Beach Cong
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jon Taylor
1617 JFK Blvd - suite 1838
Phila PA 19103

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 2  U.S. Government Defendant
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|                                | PTF | DEF |                                                      | PTF | DEF |
|--------------------------------|-----|-----|------------------------------------------------------|-----|-----|
| Citizen of This State          | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State       | ❏ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation                               | ❏ 6 | ❏ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*          Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|----------|-------|--|--------------------|------------|----------------|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ☒ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| | | | ❏ 790 Other Labor Litigation | | ❏ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

APR - 5 2019

**V. ORIGIN** *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TCPA 47 USC 237
Brief description of cause:
Telephone Robocalls

**VII. REQUESTED IN COMPLAINT:**
❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ❏ Yes   ❏ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions):*
JUDGE                         DOCKET NUMBER

DATE   4-5-19                 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

APR - 5 2019

*AB*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA** 19   1467

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 3049 Almond Street, Philadelphia, PA 19134 _____

Address of Defendant: _____ 4512 N. Flagler Dr. Ste. 306 West Palm Beach , Florida 33407 _____

Place of Accident, Incident or Transaction: _____ By telephone call to my private telephone _____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ~~11/26/2018~~ 4-5-19 _____   _____ 202792
                    *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
      *(Please specify):* ____ TCPA, 47 USC 227 ____

**B.    Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ____ Jon Taylor ____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 4-5-19 _____   _____ 202792
                    *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

APR - 5 2019



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Jon Frey

v.

Ethos Data Management Inc

CIVIL ACTION

19   1467

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (✓)

4-5-19                          _____          Plaintiff
**Date**                        **Attorney-at-law**           **Attorney for**

215-687-4443                    215-475-5798                  jtaylor@jontaylorlaw.com
**Telephone**                   **FAX Number**                **E-Mail Address**

(Civ. 660) 10/02

APR - 5 2019

$400
AB

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Jon Frey
3049 Almond Street
Philadelphia, PA 19134

*Plaintiff*

Vs

Ethos Data Management, Inc
4512 N. Flager Drive
Suite 306
West Palm Beach, Florida 33407

*Defendant.*

Civil Action No. 19   1467

Jury trial Demanded

## Complaint

Plaintiff Jon Frey bring this action for damages, restitution, reinstatement, statutory damages, punitive damages, sanctions, interest, court costs, and injunctive relief under rights pursuant to Federal Statute 47 U.S.C. 227, and 47 C.F.R. 64 for the *ultra vires* illegal actions and deliberate and knowing tortious activity of Ethos Management, Inc for negligently and/or willfully contacting Plaintiff Jon Frey via Plaintiff Jon Frey's telephone to solicit sales ("Sales Calls"), by utilization of an automatic telephone dialing system, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et. seq.* and related claims that form part of the same claim or controversy. Plaintiff demands a trial by jury, and complains and alleges as follows:

## Introduction

1. Defendant Ethos Data Management, Inc is a company located and domestically Incorporated in the State of California. EDM does business under the name of "Ethos Data Management, Inc". Defendant Ethos Data Management, Inc markets, and sells, *inter alia,* internet marketing and consulting services to individuals throughout Pennsylvania and other states in the

APR - 5 2019

United States of America and its principal mailing address is located at 4512 N. Flager Drive, West Palm Beach, Florida 33407.

2. Plaintiff Jon Frey brings this action to challenge Defendant Ethos Data Management, Inc's practices in the telephone solicitations by which it markets its products and services by making illegal telephone solicitations using an automatic telephone dialing system and robocalls, and failure to maintain a Do-Not-Call policy or list in connection therewith.

3. All the claims asserted herein arise out of Defendant Ethos Data Management, Inc.'s illegal telephone solicitation campaign.

### Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1331, in that Defendant Ethos Data Management, Inc conduct business in, and a substantial part of the events giving rise to Plaintiff Jon Frey's claims occurred in the City of Philadelphia, Philadelphia County, Commonwealth of Pennsylvania, which is situated within this judicial district pursuant to 28 U.S.C. § 118.

### Parties

6. Plaintiff Jon Frey ("Plaintiff") is an adult citizen of the Commonwealth of Pennsylvania with a mailing address at 3049 Almond Street, Philadelphia, PA 19134.

7. Defendant Ethos Data Management, Inc ("EDM") is a company located and domestically incorporated in the State of Florida.

### Factual Information

8. In or about August 3, 2018, Plaintiff[1] received a phone call made by EDM using an

---

[1] Plaintiff is a "person" as defined by 47 U.S.C. §159(39)

automated telephone dialing system ("Prerecorded Robocall") or robocall by EDM and/or its agents at Plaintiff's telephone number 215-634-XXXX, which has been on the do not call list since August 28, 2003.

9. The robocall placed by EDM's Prerecorded Robocall on August 3, 2018 was a pre-recorded message, lacking personalization, scripted in nature, clearly intended to be sent *en masse* to thousands of persons on or about the same date and time that Plaintiff received said robocall. Based on information and belief, the sole purpose of said robocall was that of a business solicitation by EDM designed to market internet marketing services of which the Plaintiff never requested from EDM prior to August 3, 2018.

10. In or about August 7, 2018, Plaintiff received a phone call made by EDM using an Prerecorded Robocall or robocall by EDM and/or its agents at Plaintiff's telephone number 215-634-XXXX.

11. The robocall placed by EDM's Prerecorded Robocall on August 7, 2018 was a pre-recorded message, lacking personalization, scripted in nature, clearly intended to be sent *en masse* to thousands of persons on or about the same date and time that Plaintiff received said robocall . Based on information and belief, the sole purpose of said robocall was that of a business solicitation by EDM designed to market internet marketing services of which the Plaintiff never requested from EDM prior to August 7, 2018.

12. In or about August 8, 2018, Plaintiff received two phone calls made by EDM using an Prerecorded Robocall or robocall by EDM and/or its agents as Plaintiff's telephone number 215-634-XXXX.

13. The two robocalls placed by EDM's PRERECORDED ROBOCALL on August 8, 2018 were a pre-recorded

messages, lacking personalization, scripted in nature, clearly intended to be sent *en masse* to thousands of persons on or about the same date and time that Plaintiff received said robocall. Based on information and belief, the sole purpose of said robocall was that of a business solicitation by EDM designed to market internet marketing services of which the Plaintiff never requested from EDM prior to August 8, 2018.

13. In or about August 9, 2018, Plaintiff received two phone calls made by EDM using an Prerecorded Robocall or robocall by EDM and/or its agents as Plaintiff's telephone number 215-634-XXXX.

14. The two robocalls placed by EDM's Prerecorded Robocall on August 9, 2018 were pre-recorded messages, lacking personalization, scripted in nature, clearly intended to be sent *en masse* to thousands of persons on or about the same date and time that Plaintiff received said robocall . Based on information and belief, the sole purpose of said robocall was that of a business solicitation by EDM designed to market internet marketing services of which the Plaintiff never requested from EDM prior to August 9, 2018.

15. On or about August 10, 2018, Plaintiff received a phone call made by EDM using an Prerecorded Robocall or robocall by EDM and/or its agents as Plaintiff's telephone number 215-634-XXXX.

16. The robocall placed by EDM's Prerecorded Robocall on August 10, 2018 was a prerecorded message lacking personalization, scripted in nature, clearly intended to be sent *en masse* to thousands of persons on or about the same date and time that Plaintiff received said robocall. Based on information and belief, the sole purpose of said robocall was that a business solicitation by EDM designed to market internet marketing services of which the Plaintiff never requested from EDM prior to August 10, 2018.

17. On or about August 14, 2018, Plaintiff received a phone call made by EDM using an Prerecorded Robocall or robocall by EDM and/or its agents as Plaintiff's telephone number 215-634-XXXX.

18. The robocall placed by EDM's Prerecorded Robocall on August 14, 2018 was a prerecorded message lacking personalization, scripted in nature, clearly intended to be sent *en masse* to thousands of persons on or about the same date and time that Plaintiff received said robocall. Based on information and belief, the sole purpose of said robocall was that a business solicitation by EDM designed to market internet marketing services of which the Plaintiff never requested prior to August 14, 2018.

19. On or about August 15, 2018, Plaintiff received a phone call made by EDM using an Prerecorded Robocall or robocall by EDM and/or its agents as Plaintiff's telephone number 215-634-XXXX.

20. The robocall placed by EDM's Prerecorded Robocall on August 15, 2018 was a prerecorded message lacking personalization, scripted in nature, clearly intended to be sent *en masse* to thousands of persons on or about the same date and time that Plaintiff received said robocall. Based on information and belief, the sole purpose of said robocall was that a business solicitation by EDM designed to market internet marketing services of which the Plaintiff never requested prior to August 15, 2018.

21. On or about August 17, 2018, Plaintiff received a phone call made by EDM using an Prerecorded Robocall or robocall by EDM and/or its agents as Plaintiff's telephone number 215-634-XXXX.

22. The robocall placed by EDM's Prerecorded Robocall on August 17, 2018 was a

prerecorded message lacking personalization, scripted in nature, clearly intended to be sent *en masse* to thousands of persons on or about the same date and time that Plaintiff received said robocall. Based on information and belief, the sole purpose of said robocall was that a business solicitation by EDM designed to market internet marketing services of which the Plaintiff never requested prior to August 17, 2018.

23. On or about August 21, 2018, Plaintiff received a phone call made by EDM using an Prerecorded Robocall or robocall by EDM and/or its agents as Plaintiff's telephone number 215-634-XXXX.

24. The robocall placed by EDM's Prerecorded Robocall on August 21, 2018 was a prerecorded message lacking personalization, scripted in nature, clearly intended to be sent *en masse* to thousands of persons on or about the same date and time that Plaintiff received said robocall. Based on information and belief, the sole purpose of said robocall was that a business solicitation by EDM designed to market internet marketing services of which the Plaintiff never requested prior to August 21, 2018.

25. On or about August 23, 2018, Plaintiff received a phone call made by EDM using an Prerecorded Robocall or robocall by EDM and/or its agents as Plaintiff's telephone number 215-634-XXXX.

26. The robocall placed by EDM's Prerecorded Robocall on August 23, 2018 was a prerecorded message lacking personalization, scripted in nature, clearly intended to be sent *en masse* to thousands of persons on or about the same date and time that Plaintiff received said robocall. Based on information and belief, the sole purpose of said robocall was that a business solicitation by EDM designed to market internet marketing services of which the Plaintiff never requested prior to August 23, 2018.

27. On or about August 24, 2018, Plaintiff received a phone call made by EDM using an Prerecorded Robocall or robocall by EDM and/or its agents as Plaintiff's telephone number 215-634-XXXX.

28. The robocall placed by EDM's Prerecorded Robocall on August 24, 2018 was a prerecorded message lacking personalization, scripted in nature, clearly intended to be sent *en masse* to thousands of persons on or about the same date and time that Plaintiff received said robocall. Based on information and belief, the sole purpose of said robocall was that a business solicitation by EDM designed to market internet marketing services of which the Plaintiff never requested prior to August 24, 2018.

29. On or about August 24, 2018, Plaintiff received two phone call made by EDM using an Prerecorded Robocall or robocall by EDM and/or its agents as Plaintiff's telephone number 215-634-XXXX.

30. The robocalls placed by EDM's Prerecorded Robocall on August 24, 2018 were prerecorded messages lacking personalization, scripted in nature, clearly intended to be sent *en masse* to thousands of persons on or about the same date and time that Plaintiff received said robocalls. Based on information and belief, the sole purpose of said robocalls were that of a business solicitation by EDM designed to market internet marketing services of which the Plaintiff never requested prior to August 24, 2018,

31. On August 27, 2018. Plaintiff received a phone call made by EDMS using an Prerecorded Robocall or robocall by EDM and/or its agents as Plaintiff's telephone number 215-634-XXXX.

32. The robocall placed by EDM's Prerecorded Robocall on August 27, 2018

were a pre-recorded message, lacking personalization, scripted in nature, clearly intended to be sent *en masse* to thousands of persons on or about the same date and time that Plaintiff received said robocall . Based on information and belief, the sole purpose of said robocall was that of a business solicitation by EDM designed to market internet marketing services of which the Plaintiff never requested from EDM prior to August 27, 2018.

33. Plaintiff responded to the call made on August 27, 2018 and determined that the call was sent by EDM via an Prerecorded Robocall system and sent a written communication to EDM requesting not to be called back.

34. All calls mentioned herein were clearly made using an Prerecorded Robocall because of the telltale click and delay of each prerecorded message.

35. Plaintiff was harmed by the calls. He was temporarily deprived of legitimate use of his phone because his phone line was tied up, it used up his minutes, he wasted energy and stress in answering a call or calls, his telephone batteries and electricity were depleted, he was charged per minute for the calls because the number was provided via a voice over IP service, and his privacy was improperly invaded. Moreover, the calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of the Plaintiff.

36. Plaintiff adequately confirmed corporate identity for each and every call so as to establish liability of EDM, as more fully outlined above.

37. These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

38. Plaintiff did not provide any one, more, or all EDM, nor any agent of EDM, prior

written consent, or any other form of consent, express or implied, to cause Plaintiff to receive telephone calls on his telephone that utilized an "automatic telephone dialing system" or otherwise to transmit a message or make calls.

39. As a point of fact, to the extent that "consent" was supplied during the calls, that was done in order to discover the identity of the caller and for no other reason and Plaintiff never gave consent prior to any call from EDM.

40. Plaintiff had no prior business relationship with EDM or any agent of EDM.

41. The telephone sales calls thereof violated 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(c)(3)(F), 47 CFR 64.1200(d)(1), 47 CRF 64.1200(d)(3), 47 CFR § 64.1200(a)(1)(iii), and 47 CFR § 64.1200(a)(1).

## CAUSES OF ACTION

### First Cause of Action

### (Negligent Violation of the TCPA "PRERECORDED ROBOCALL" Prohibition, 47 U.S.C. § 227 et. seq.)

42. Plaintiff incorporates and re-alleges, as though fully set forth herein, each of the paragraphs above.

43. As a result of EDM's and EDM's agents negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

44. Pursuant to 47 U.S.C. §227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Second Cause of Action

### (Knowing and Willful Violation of the TCPA "PRERECORDED ROBOCALL" Prohibition, 47 U.S.C. § 227 et. seq.)

45. Plaintiff incorporates and re-alleges, as though fully set forth herein, each of the paragraphs above.

46. As a result of EDM's and EDM's knowing and/or willful violations of 47 U.S.C. §227(b)(1)(A), Plaintiff seeks for himself damages, as provided by statute, up to $1,500.00 for each and every violations, pursuant to 47 U.S.C §227(b)(3).

47. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**WHEREFORE,** Plaintiff prays for relief against Defendant as follows:

On Cause of Action 1-2:

1. For awards of $500 for each negligent violation as set forth in actions 1-8;

2. For awards of $1,500.00 for each knowing/willful violation as set forth in actions 1-8;

3. Injunctive relieve against EDM to prevent future wrongdoing, total damages;

4. Punitive damages to punish EDM for willful, illegal and deliberate tortious conduct and to Deter others who may otherwise engage in similar willful illegal and deliberate tortious conduct;

5. Prejudgment interest at the maximum legal rate;

6. Costs of suit herein incurred; and

7. All such other and further relief as the Court deems proper.

Plaintiff hereby demands a trial by jury on all claims so triable.

By: _____
Jon Taylor, Esquire
Attorney for Plaintiff
The Law Offices of Jon Taylor, Esquire, PC
1617 JFK Blvd - Suite 1838
Philadelphia, PA 19103
(P) 215-687-4443
(F) 215-475-5798
jtaylor@jontaylorlaw.com

Date: April 2, 2019

VERIFICATION

I Jon Frey verify that I am authorized to execute this Verification on behalf of myself and that the averments made in the foregoing documents are true and correct to the best of my knowledge, information, and belief.

Dated:  4/2/2019                          BY: _____

                                                Jon Frey