# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JON FREY, : | |
| : | Case No. 19-cv-01467-JMY |
| *Plaintiff* : | |
| : | |
| v. : | |
| : | |
| ETHOS DATA MANAGEMENT, INC., : | |
| : | |
| *Defendant* : | |

## MEMORANDUM

**YOUNGE, J.**                                                                                                                  **DECEMBER 16, 2019**

### I.     INTRODUCTION

On April 5, 2019, Plaintiff John Frey filed a Complaint in this Court against Defendant Ethos Data Management, Inc. (ECF No. 1.) The Complaint alleges that Defendant's robocalls delivered a prerecorded telemarketing message without Plaintiff's express consent, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S. §§ 227, *et seq*.

On April 5, 2019, as reflected in the Docket, the Clerk of Court for the Eastern District of Pennsylvania issued a Summons for the named Defendant. However, Plaintiff has failed to file proof of service of the Summons and Complaint on the Defendant. On October 11, 2019, the undersigned's civil deputy docketed a notice indicating that the Plaintiff had until November 12, 2019, to properly serve the Summons and Complaint upon the Defendant or risk possible dismissal of this action. (ECF No. 4.) Plaintiff did not respond at all to the notice. Thereafter, on November 19, 2019, the Court issued a Show Cause Order requiring Plaintiff to submit a

letter to the Court explaining whether there was good cause for his failure to serve Defendant. (ECF No. 5.)[1] Again, Plaintiff did not respond to the Show Cause Order.

For the following reasons, the Court will dismiss Plaintiff's Complaint without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

## II. DISCUSSION

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The Rule requires a court to extend time for service if good cause is shown and, absent a showing of good cause, permits a court to dismiss the case without prejudice or to extend time for service where other factors warrant extending the time. *Petrucelli v. Bohringer & Ratzinger, GMBH Ltd.*, 46 F.3d 1298, 1305-07 (3d Cir. 1995); *see also Boley v. Kaymark*, 123 F. 3d 756, 758 (3d Cir. 1997). In *Petrucelli*, the Third Circuit held that the analysis under Rule 4(m) involves a two-part process. *Petrucelli*, 46 F.3d at 1305. "First, the district courts should

---

[1] This Court's November 19, 2019 Show Cause Order stated:

> [U]pon review of the docket in the above-captioned case and it being apparent that Plaintiff has not filed proof of service of the Summons and Complaint upon Defendant within the 90-day deadline under Federal Rule of Civil Procedure 4(m), it is ORDERED that, within fourteen (14) days of the date of this Order, Plaintiff shall show cause in a letter to the Court as to whether there is good cause for failing to serve Defendant.
>
> In the absence of good cause, the Court has the discretion to either: (1) extend the time for Plaintiff to serve Defendant; or (2) dismiss this case without prejudice.

2

determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Id*.

Here, Plaintiff filed his Complaint on April 5, 2019. Accordingly, Defendant should have been served by July 5, 2019. By this date, Plaintiff failed to file proof of service. Thereafter, the Court, in the October 11, 2019 notice and the November 19, 2019 Show Cause Order, gave Plaintiff ample opportunity to show good cause for his failure to serve the Summons and Complaint on Defendant. Plaintiff did not respond to the notice or the Show Cause Order. Consequently, Plaintiff has failed to show good cause under Federal Rule of Civil Procedure 4(m) for failure to serve.

In addition, by failing to respond to the Court's Show Cause Order, Plaintiff has failed to advance other reasons which, although not enough by themselves to establish good cause, would warrant an extension of time to serve the Summons and Complaint. Therefore, pursuant to Federal Rule of Civil Procedure 4(m), the Court will dismiss the Complaint without prejudice.[2]

---

[2] The Court has also considered the *Poulis* factors in this situation. In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 868 (3d Cir. 1984), the Third Circuit held:

> In exercising its appellate function to determine whether the trial court has abused its discretion in dismissing or refusing to lift a default, we will be guided by the manner in which the trial court balanced the following factors, which have been enumerated in the earlier cases, and whether the record supports its findings: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id*. at 868. Not all factors need be satisfied to warrant dismissal. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint without prejudice. An appropriate Order follows.

**IT IS SO ORDERED.**

                                              **BY THE COURT:**

                                              /s/ Judge John Milton Younge

                                              **Judge John Milton Younge**

---

Here, the first and third *Poulis* factors (Plaintiff's responsibility and dilatoriness) are most heavily implicated. Plaintiff has been issued a Summons for the Defendant. He has failed to show that his failure to serve is attributable to anything other than his own inaction. Additionally, Plaintiff's failure to serve prejudices Defendant because without service Defendant lacks notice of Plaintiff's claims against it. Factors one to five weigh in favor of dismissal. Factor six does not apply at this stage of the case.